UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
W.A.G.,

                                     Petitioner,                       **MEMORANDUM & ORDER**
                                                                        25-CV-06904 (DG)

          -against-

Raul Maldonado, Jr., *et al.*,

                                     Respondents.
------------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

On December 16, 2025, by the filing of an Emergency Petition for Writ of Habeas Corpus and Complaint, Petitioner W.A.G.,[1] detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, commenced this action pursuant to 28 U.S.C. § 2241, stemming from the revocation of his Order of Supervision ("OSUP") and resulting detention. *See* Emergency Petition for Writ of Habeas Corpus and Complaint (the "Petition" or "Pet."), ECF No. 1; *see also* Exhibits to Petition, ECF Nos. 1-1 through 1-14.[2]  On December 16, 2025, Petitioner also filed an Emergency Application for an Order to Show Cause in Support of Emergency Petition for Writ of Habeas Corpus and Complaint Seeking Immediate Release.  *See* ECF No. 8.

Petitioner principally argues that his detention violates his due process rights under the

---

[1]  Petitioner has been granted leave to proceed under a pseudonym.  *See* December 29, 2025 Minute Entry.

[2]  The Petition is brought in five Counts, styled as follows: (1) Violation of the Immigration and Nationality Act and Implementing Regulations; (2) Violation of Fifth Amendment Right to Procedural Due Process; (3) Violation of Fifth Amendment Right to Substantive Due Process; (4) Violation of the Administrative Procedure Act (Detention is Arbitrary and Capricious; Contrary to Constitutional Right; In Excess of Statutory Authority; and Without Observance of Procedure Required by Law); and (5) Violation of the *Accardi* Doctrine (Respondents Failed to Follow 8 C.F.R. § 241.4(*l*)).  The Petition asserts various jurisdictional bases in addition to 28 U.S.C. § 2241.

Fifth Amendment to the United States Constitution and principally seeks immediate release.  *See generally* Pet.

By letter dated December 20, 2025, Respondents – each of whom has been named in his/her official capacity – opposed the Petition.  *See* December 20, 2025 Letter, ECF No. 11.

On December 21, 2025, Petitioner replied to the opposition.  *See* Petitioner's Reply Brief in Support of Emergency Petition for Writ of Habeas Corpus and Complaint, ECF No. 12.

On December 29, 2025, a hearing was held before the undersigned.  *See* December 29, 2025 Minute Entry.

Following the hearing, the parties submitted supplemental briefing with respect to the Petition.  *See* Petitioner's January 2, 2026 Letter, ECF No. 13; Respondents' January 8, 2026 Letter, ECF No. 14.[3]

On January 21, 2026, Petitioner filed a letter "to provide the Court with an update on [Petitioner's] immigration proceedings and health."  *See* ECF No. 15.

* * *

In summary and substance and as particularly relevant to the Court's decision herein, Petitioner argues that habeas relief in the form of immediate release is warranted in light of procedural irregularities with respect to the revocation of Petitioner's OSUP – namely, that the individual who revoked the OSUP was not authorized to do so and that Respondents did not provide to Petitioner adequate notice or opportunity to be heard with respect to the revocation. Respondents do not concede that there were procedural irregularities.  As particularly relevant

---

[3] In his supplemental brief, Petitioner requests leave to file a supplemental declaration, which he attaches to the supplemental brief.  *See* ECF Nos. 13, 13-1.  The Court grants the requested leave.

here, Respondents argue that the individual who revoked Petitioner's OSUP was authorized to do so pursuant to a 2019 Delegation Order. Respondents also argue that even if there were procedural irregularities with respect to the revocation of Petitioner's OSUP, the appropriate remedy is to permit Respondents to cure any such irregularities, rather than to order Petitioner's release.

For the reasons set forth below, the Petition is GRANTED to the extent that it seeks Petitioner's release.

## RELEVANT FACTUAL BACKGROUND[4]

Petitioner is a Nicaraguan national. Petitioner entered the United States on or about April 28, 2007 at the United States-Mexico border, was apprehended on or about April 30, 2007, was placed in expedited removal proceedings, and was removed from the United States to Nicaragua on June 1, 2007 pursuant to an order of removal.

Petitioner asserts that he is a member of the Partido Social Cristiano Nicaraguense, that he was an active, vocal protestor against the Frente Sandinista de Liberación Nacional ("FSLN"), and that while living in Nicaragua, he would regularly protest against the FSLN. Petitioner asserts that in June 2020, several Sandinista officials forced their way into Petitioner's home, handcuffed him, stripped him of his clothing, and brutally assaulted him and that after the assault, Petitioner was in the hospital intensive care unit for 30 days. Petitioner asserts that he thereafter fled to the United States "for safety" and that he entered the United States through Hidalgo, Texas on or about May 23, 2021.

---

[4] The information set forth in this section is drawn from the parties' filings – including the declarations – and representations made at the December 29, 2025 hearing and is uncontested unless otherwise indicated. The Court sets forth in this section only those facts of particular relevance to the Court's decision herein but notes that the Court has considered all of the filings and all of the facts in the record before the Court.

3

Following his reentry into the United States, Petitioner was detained and his previous removal order was reinstated.  On June 10, 2021, Petitioner was released from detention pursuant to an OSUP.  *See* OSUP, ECF No. 1-7.

On September 3, 2025, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") officers.[5]  On that date, Assistant Field Office Director Bryan Flanagan executed a Notice of Revocation of Release.  *See* Notice, ECF No. 1-11.[6]

Petitioner is detained at MDC in Brooklyn, New York.[7]

### STANDARD OF REVIEW

As the United States Court of Appeals for the Second Circuit has recognized, Title 28, United States Code, Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'"  *See Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).

### DISCUSSION

As set forth below, the Petition must be granted to the extent that it seeks Petitioner's release because Petitioner is "in custody in violation of the Constitution" – specifically, in

---

[5]  The parties agree that 8 U.S.C. § 1231 is the statute under which Petitioner is detained.

[6]  Petitioner asserts that he abided by the conditions of the OSUP.  Respondents assert that Petitioner failed to check in with ICE on June 10, 2025 as required.  However, Respondents do not appear to take the position that the OSUP was revoked because of Petitioner's purported failure to check in.  Rather, they assert that the OSUP was revoked due to the reinstated removal order.

[7]  Petitioner asserts that he suffers from various medical conditions and Petitioner raises various complaints about the treatment he is receiving at MDC.  The Court's decision herein does not rely on Petitioner's arguments about – or the record evidence of – his medical conditions or treatment thereof.

4

violation of the Fifth Amendment.

The Court notes as an initial matter that the Second Circuit has recognized that the Due Process Clause of the Fifth Amendment "covers noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent" and has recognized that "[n]oncitizens are also entitled to challenge through habeas corpus" the legality of their detention. *See Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020).

The Court also notes that in recent months, federal district courts across the country have seen a proliferation of cases involving challenges to immigration detention on procedural grounds, including cases sufficiently analogous to the instant case to be instructive here. The Court finds particularly instructive the decision of the district court in *Roman-Cruz v. Lyons*, No. 25-CV-10522, 2026 WL 114936 (S.D.N.Y. Jan. 15, 2026) and the decision of the district court in *Funes Gamez v. Francis*, No. 25-CV-07429, 2025 WL 3263896 (S.D.N.Y. Nov. 24, 2025). In each of these cases, the court addressed a claim by a habeas petitioner that the individual who revoked the petitioner's OSUP was not authorized to do so and in each of these cases, the court rejected the respondents' position that the individual who revoked the OSUP was authorized, by delegation of authority, to revoke the OSUP. *See Roman-Cruz*, 2026 WL 114936, at *2-3; *Funes Gamez*, 2025 WL 3263896, at *19-20. In each of these cases, the court discussed the relevant regulation – 8 C.F.R. § 241.4(*l*) – and the purportedly relevant Delegation Order and in each of these cases, the district court concluded that the Delegation Order did not in fact delegate to an assistant field office director the authority to revoke an OSUP. *See Roman-Cruz*, 2026 WL 114936, at *2-3; *Funes Gamez*, 2025 WL 3263896, at *19-20 (noting that the revocation of petitioner's OSUP was "void as unauthorized").

Here too the relevant regulation is 8 C.F.R. § 241.4(*l*) and the purportedly relevant

5

Delegation Order, *see* ECF No. 11-4, is the same Delegation Order that was at issue in the *Roman-Cruz* and *Funes Gamez* cases.  Here, Respondents assert that Assistant Field Office Director Flanagan had authority to revoke Petitioner's OSUP because the Delegation Order delegated that authority to him.[8]

The Court agrees with – and incorporates by reference herein – the analysis with respect to the Delegation Order that is set forth by the district court in *Roman-Cruz* and by the district court in *Funes Gamez*.  *See Roman-Cruz*, 2026 WL 114936, at *2-3 (holding that "because the Delegation Order lists a series of other actions under 8 C.F.R. § 241 as to which authority has been delegated but does not include OSUPs or their revocation, the *expressio unius* canon excludes revocation," noting that "[t]hat omission is fatal to ICE's delegation argument, because revocation of release, which is a specific event enumerated elsewhere in the governing regulations, is found nowhere in the list of authorities delegated to assistant field office directors in the Delegation Order," and expressing disagreement with the Government's position with respect to the term "related to") (quotations omitted)); *Funes Gamez*, 2025 WL 3263896, at *19-

---

[8]  8 C.F.R. § 241.4(*l*)(2) provides in part:

> The Executive Associate Commissioner shall have authority, in the exercise of discretion, to revoke release and return to Service custody an alien previously approved for release under the procedures in this section.  A district director may also revoke release of an alien when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner.

Executive Associate Director is the functional equivalent of Executive Associate Commissioner.  *See Roman-Cruz*, 2026 WL 114936, at *2; *see also* 8 C.F.R. § 1.2.

The Delegation Order gives assistant field office directors "[a]uthority under INA § 241 [8 U.S.C. § 1231] and 8 C.F.R. Part 241, relating to warrants of removal, reinstatement of removal, self-removal, and release of aliens from detention."  *See* Delegation Order.

6

20 (similar).[9]  In short, the Court concludes that although the Delegation Order delegated certain authority to assistant field office directors, it did not delegate to them the authority to revoke OSUPs.  Having so concluded, the Court concludes – as did the district court under analogous circumstances in *Roman-Cruz* – that Petitioner's Fifth Amendment right to procedural due process was violated and that Petitioner must be released.  *See Roman-Cruz*, 2026 WL 114936, at *3 (concluding that "[b]ecause the official who revoked [petitioner's] OSUP was not authorized to do so, by the Delegation Order or otherwise, his Fifth Amendment right to procedural due process was violated;" granting habeas petition in part; and ordering petitioner's immediate release); *see also Lim v. Arteta*, No. 26-CV-00461, 2026 WL 192490, at *5-6 (S.D.N.Y. Jan. 26, 2026) (in analogous case, concluding that revocation of petitioner's OSUP "is not valid, because it was effectuated by an official who had no authorization to revoke OSUPs" and concluding that petitioner's detention "violates due process;" granting habeas petition; and ordering petitioner's release); *E.M.M. v. Almodovar*, No. 25-CV-08212, 2025 WL 3077995, at *6 (S.D.N.Y. Nov. 4, 2025) (in analogous case, concluding that "[n]either the relevant regulations nor the Delegation Order authorized the assistant field office director to revoke [petitioner's] OSUP [and] as a result, the Government violated its regulations in revoking [petitioner's] OSUP and [petitioner's] continued detention pursuant to [the assistant field officer's] decision is unlawful;" granting habeas petition in part; and ordering petitioner's release); *Zhang v. Genalo*, No. 25-CV-06781, 2025 WL 3733542, at *8-9 (E.D.N.Y. Dec. 28, 2025) (granting habeas petition and stating: "The Court has thoroughly reviewed this delegation memo, and it does not do what Respondents claim it does.  In particular, it does not confer on

---

[9]  The Court assumes familiarity with the broader statutory and regulatory framework, which has been discussed in the filings and at the December 29, 2025 hearing and which is addressed in the *Roman-Cruz* and *Funes Gamez* cases and in a multitude of other analogous cases.

7

assistant field office directors the authority to *revoke* a noncitizen's order of supervised release.").[10]

## CONCLUSION

For the reasons set forth above, the Petition, ECF No. 1, is GRANTED to the extent that it seeks Petitioner's release.[11]

Respondents are directed to release Petitioner from custody and to file a letter certifying such release no later than 5:00 p.m. on January 31, 2026.

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated:  January 30, 2026
        Brooklyn, New York

---

[10] Because revocation of Petitioner's OSUP by an individual not authorized to revoke the OSUP is a sufficient ground on which to grant the Petition, the Court does not address herein Petitioner's other claims of procedural irregularity but the Court notes that Petitioner raises various persuasive arguments as to those claims.

[11] The Court declines to grant the requested relief restricting Respondents' future actions with respect to Petitioner. *See* Pet. at 25. Such additional relief is not warranted on the record before the Court and under the applicable law. *See, e.g., Funes Gamez*, 2025 WL 3263896, at *24-26.